UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

SHAMSIDDIN ABDUR-RAHEEM,

    Plaintiff,

v.

GARY M. LANIGAN, et al.,

    Defendants.

Civil Action No. 18-10390 (MAS) (LHG)

**MEMORANDUM AND ORDER**

Plaintiff is proceeding, *in forma pauperis*, with a civil rights complaint filed pursuant to 42 U.S.C. § 1983. At this time, the Court must review the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from suit.

The Complaint primarily asserts that defendants unconstitutionally retaliated against Plaintiff due to his filing of lawsuits and grievances against state defendants in the past. Specifically, Plaintiff alleges that he was retaliated against through trumped-up disciplinary charges after defendants planted false evidence of contraband in his cell. It is clear from the Complaint that Plaintiff was in fact found guilty of the charges in a prison disciplinary hearing. Plaintiff also asserts that his personal property was confiscated for a period of a month while he was in administrative segregation and that he was denied legal supplies while in segregation.

First, to the extent Plaintiff asserts property claims against Defendants for the alleged unjustified confiscation of his personal property, "[i]ntentional and negligent deprivations of property do not violate due process if meaningful post-deprivation remedies for the loss are available." *Pressley v. Huber*, 562 F. App'x 67, 69-70 (3d Cir. 2014). The Third Circuit has

already held that such meaningful post-deprivation remedies exist in New Jersey. *Revell v. Port Auth. of N.Y., N.J.*, 598 F.3d 128, 139 (3d Cir. 2010) ("Revell cannot prevail on his due process claim if the state's post-deprivation procedures, including state tort remedies, are adequate. He has failed to explain why New Jersey's state procedures to recover wrongfully seized property, such as the ability to move in the criminal action for return of his property or the ability to file a separate action for a writ of replevin, are insufficient."). As such, any property claims in the Complaint are dismissed.

Next, to the extent the Complaint alleges that Plaintiff was falsely disciplined through fabricated charges, Plaintiff fails to state a claim because it does not appear that he suffered any legally cognizable injury. In one of his allegations, Plaintiff asserts that the disciplinary officer failed to credit him with time served in administrative segregation while the proceeding was ongoing. This suggests that the punishment Plaintiff ultimately received was time in administrative segregation. Prisoners do not have a constitutional right to avoid solitary confinement. *Sandin v. Conner*, 515 U.S. 472, 485 (1995). Likewise, Plaintiff's procedural due process claim regarding the disciplinary proceeding also fails, because procedural due process claims require the violation of a substantive right in the first instance. *Fanti v. Weinstock*, 629 F. App'x 325, 330 (3d Cir. 2015); *Huertas v. Sec'y Pa. Dep't of Corr.*, 553 F. App'x 64, 66 (3d Cir. 2013) ("Procedural due process rights are triggered by deprivation of a legally cognizable . . . interest.").

Regarding the denial of legal supplies, the Court construes the Complaint as raising a denial of access to the courts claim. To assert such a claim, however, Plaintiff must allege that he suffered an actual injury, i.e., that he lost an opportunity to pursue a nonfrivolous claim. *Schreane v. Holt*, 482 F. App'x 674, 676 (3d Cir. 2012) (citing *Monroe v. Beard*, 536 F.3d 198, 205 (3d Cir. 2008)).

2

There is no allegation in the Complaint that Plaintiff lost a legal claim. As such, the Court dismisses the denial of access to the courts claim.[1]

Lastly, the Court will allow the retaliation claim to proceed. Because the factual allegations for the retaliation claim involve only Defendants Kevin Fanning, Marcus Sherrod, and Sean Patterson, all other defendants are dismissed from the case.[2]

**IT IS** therefore on this 25th day of July, 2018,

**ORDERED** that all claims, other than Plaintiff's retaliation and related state-law claims, if any, are hereby **DISMISSED WITHOUT PREJUDICE**;

**ORDERED** that all named defendants other than Defendants Kevin Fanning, Marcus Sherrod, and Sean Patterson are hereby **DISMISSED**;

**ORDERED** that, pursuant to 28 U.S.C. § 1915(d), the Clerk shall issue summons and the United States Marshal shall serve summons, the Complaint and this Order upon Defendants, with all costs of service advanced by the United States[3];

**ORDERED** that, pursuant to 42 U.S.C. § 1997e(g)(2), Defendants shall file and serve an answer, *see* Fed. R. Civ. P. 12(a)(1)(A);

---

[1] Plaintiff also asserts that he was denied access to the commissary while in administrative segregation. Prisoners do not have a constitutional right to purchase items from the commissary, absent allegations that access to the commissary was necessary to obtain the basic necessities of life. *See Bumpers v. Formica*, No. 13-5250, 2014 WL 3817134, at *4 (D.N.J. Aug. 1, 2014); *Glazewski v. Corzine*, No. 06-4107, 2007 WL 3267763, at *10 (D.N.J. Nov. 5, 2007).

[2] To the extent Plaintiff asserts any state-law claims against these dismissed defendants, the Court declines supplemental jurisdiction over them because there are no valid federal claims against them. *See Altenbach v. Ianuzzi*, 646 F. App'x 147, 151 (3d Cir. 2016) (affirming a district court's decline of supplemental jurisdiction over state-law claims against a defendant once all federal claims against that defendant had been dismissed).

[3] Alternatively, the U.S. Marshal may notify defendants that an action has been commenced and request that the defendants waive personal service of a summons in accordance with Fed. R. Civ. P. 4(d).

**ORDERED** that, pursuant to 28 U.S.C. § 1915(e)(1) and § 4(a) of Appendix H of the Local Civil Rules, the Clerk shall notify Plaintiff of the opportunity to apply in writing to the assigned judge for the appointment of pro bono counsel; and it is further

**ORDERED** that, if at any time prior to the filing of a notice of appearance by Defendants, Plaintiff seeks the appointment of pro bono counsel or other relief, pursuant to Fed. R. Civ. P. 5(a) and (d), Plaintiff shall (1) serve a copy of the application by regular mail upon each party at his last known address and (2) file a Certificate of Service.[4]

/s/ Michael A. Shipp
MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE

---

[4] After an attorney files a notice of appearance on behalf of a Defendant, the attorney will automatically be electronically served all documents that are filed in the case.

4